IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00763-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

   Plaintiff,

v.

W. MONTGOMERY, EX-ADX Administrative Remedy Coordinator,
ADX OFFICE OF SIA/SIS,
ADX MAILROOM, INMATE SYSTEMS, MANAGER/OFFICERS,
ADX OFFICE OF HEALTH SERVICES,
ADX OFFICE OF FOOD SERVICES,
ADX PROPERTY, LIEUTENANT J. WALTERS,
J. CASTILLO, ADX S.O.S.,
L. RODGERS, ADX S.O.S.,
D. FOSTER, ADX S.O.S., and
C. F. BELL, ADX S.O.S., All Being Sued in Their Official and Individual Capacities,

   Defendants.

---

## ORDER TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. On April 10, 2006, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. On June 22, 2006, the Court directed Plaintiff to amend the Complaint and use legible writing in all documents that he submits to the Court. On July 25, 2006, Plaintiff filed an Amended Complaint. The Amended Complaint was not legible. The Court then directed Plaintiff to file a Second Amended Complaint, which he did on August 17, 2006.

The Court must construe the Second Amended Complaint liberally because Plaintiff is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, a court should not act as an advocate for a ***pro se*** litigant. ***See id.***

In the Second Amended Complaint, Plaintiff asserts twelve claims. The Court has found that in several of the claims Plaintiff has failed to name appropriate defendants and to state an actual injury.

With respect to named Defendants ADX Office of SIA/SIS, ADX Office of Health Services, and ADX Office of Food Services, the offices are not persons for the purpose of a ***Bivens*** action. Plaintiff, therefore, must name as parties to the action individuals in each of the offices who he alleges are responsible for violating his constitutional rights and demonstrate how each of them personally participated in the asserted violations. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993).

As for Defendant ADX Mailroom Inmate Systems, Manager/Officers, Plaintiff may use fictitious names if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names, such as he has done in naming the manager and officers of the mailroom, he must provide sufficient information about each defendant so that each defendant can be identified.

With respect to Plaintiff's failure to assert an actual injury in several of the claims, Plaintiff states that certain BOP program statements and federal regulations are unconstitutional but he fails to state in particular how he has been injured by the enforcement of the program statements or the regulations. Plaintiff, therefore, is instructed to amend the claims as necessary and state the particular deprivation that he has incurred as a result of the alleged unconstitutional program statement or regulation. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** a Third Amended Complaint that complies with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an original and sufficient copies of a Third Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff is to continue to submit documents that are legibly written as previously instructed by the Court.

DATED August 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00763-BNB

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  5-28-06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk