IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00763-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

   Plaintiff,

v.

W. MONTGOMERY, EX-ADX Administrative Remedy Coordinator,
ADX OFFICE OF SIA/SIS,
ADX MAILROOM INMATE SYSTEMS MANAGER/OFFICERS,
ADX OFFICE OF HEALTH SERVICES,
ADX OFFICE OF FOOD SERVICES,
ADX PROPERTY, LIEUTENANT J. WALTERS,
J. CASTILLO, ADX S.O.S.,
L. RODGERS, ADX S.O.S.,
D. FOSTER, ADX S.O.S., and
C. F. BELL, ADX S.O.S., All Being Sued in Their Official and Individual Capacities,

   Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 4 2006

GREGORY C. LANGHAM
                      CLERK

---

## ORDER

---

In response to the Court's August 28, 2006, Order directing Plaintiff to file a Third Amended Complaint, Plaintiff has filed a "Motion Requesting Four Defendants be Sued in their Official Capacities."

To the extent Plaintiff intends that the August 28 Motion suffice as a Third Amended Complaint, the Motion is deficient and will be denied. An amended complaint supersedes the original complaint. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*, 705 F.2d 676 (2d Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1476 (1990). The Motion does not contain all the

alleged claims, a request for relief, all named Defendants, or the necessary information that Plaintiff is required to provide in the prisoner complaint form. Therefore, Plaintiff has failed to file a Third Amended Complaint, as he was ordered to do by the Court, that is sufficient to supersede the prior complaints he has filed in the instant action.

Furthermore, simply suing Defendants ADX Office of SIA/SIS, ADX Office of Health Services, and ADX Office of Food Services in an official capacity does not overcome the improper naming of departments in a prison facility as parties to a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim cannot be brought against the United States Bureau of Prisons (BOP), which would include departments of the BOP, as a federal agency, or against prison employees in their official capacities. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

Moreover, naming Defendant ADX Mailroom Inmate Systems Manager Officers in an official capacity not only is inappropriate, Plaintiff still fails to provide sufficient information about the mailroom officers so that the officers may be identified. Accordingly, it is

ORDERED that Plaintiff's Motion Requesting Four Defendants be Sued in Their Official Capacities, filed September 11, 2006, is denied. It is

FURTHER ORDERED that Plaintiff shall submit a Third Amended Complaint in keeping with the Court's August 28, 2006, Order. It is

FURTHER ORDERED that if Plaintiff fails to file a Third Amended Complaint within the time allowed in the Court's August 28, 2006, Order the Complaint and action

2

will be dismissed without further notice.

DATED September 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00763-BNB

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/14/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk