IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00763-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

    Plaintiff,

v.

W. MONTGOMERY, EX-ADX Administrative Remedy Coordinator,
L. SMITH, ADX-Special Investigative Supervisor,
M.A. SOSA, ADX-Mailroom Supervisor,
R. BAUER, ADX-Health Services Administrator,
D. JONES, ADX-Food Services Administrator,
J. D. WALTERS, ADX-Property Lieutenant,
J. CASTILLO, ADX-Senior Officer Specialist,
L. RODGERS, ADX Senior Officer Specialist,
D. FOSTER, ADX Senior Officer Specialist, and
C. F. BELL, ADX Senior Officer, All Being Sued in Their Official and Individual
    Capacities,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT

JAN - 3 2007

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff C. Eli-Jah Hakeem Muhammad, a.k.a. Christopher Mitchell, is in the

custody of the United States Bureau of Prisons and currently is incarcerated at ADX

Florence.  Plaintiff has submitted to the Court a *pro se* Prisoner Complaint pursuant to

***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388

(1971), and 28 U.S.C. § 1331 alleging that his constitutional rights have been violated.

Plaintiff seeks declaratory relief and money damages.  On three occasions, Magistrate

Judge Boyd N. Boland directed Plaintiff to file an Amended Complaint.  The first

Amended Complaint was not legible.  In the Second Amended Complaint, Plaintiff

failed to name proper defendants.  Finally, on September 27, 2006, Plaintiff submitted a

Third Amended Complaint that is legible and names, for the most part, proper

defendants.

With respect to Defendants M. A. Sosa, L. Smith, R. Bauer, D. Jones, J. Castillo,

and L. Rodgers, the claims asserted against them will be assigned to District Judge

Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Boyd

N. Boland.

The claim asserted against Defendant W. Montgomery will be dismissed as

legally frivolous for the reasons set forth in Case No. 06-cv-00756-BNB regarding claim

two in that case.  *See Muhammad v. Collins, et al.*, No. 06-cv-00756-BNB (Doc. No.

20) (D. Colo. Dec. 16, 2006) (Not selected for publication).  The Court found in Case

No. 06-cv-00756-BNB that Administrative Remedy No. 34886, the same remedy that is

at issue in Claim One of this case, was rejected as untimely because Plaintiff failed

within the allowed time to challenge the alleged destruction of an informal resolution

form by Mr. Madison, an ADX counselor.  The Court also found in Case No. 06-cv-

00756-BNB, that Plaintiff is a prolific filer of administrative remedies and is aware of

deadlines for completion of informal resolutions and the submission of formal written

administrative remedy requests.

Plaintiff asserts that his ability to exhaust his claim regarding Mr. Madison's

actions was interfered with by Defendant Montgomery when Administrative Remedy No.

34886 was rejected twice on appeal as untimely. The Court finds no interference in the

processing of the Administrative Remedy by Defendant Montgomery only that Plaintiff

failed to abide with 28 C.F.R. § 542.14, and that the Remedy was denied based on a procedural default caused by Plaintiff. Claim One will be dismissed as legally frivolous.

As for Defendants D. Foster, C. F. Bell, and J. D. Walters, they will be dismissed from the action. Plaintiff is claiming that Defendants acted beyond their authority in intentionally destroying his personal property. Unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Federal Torts Claim Act provides a post-deprivation remedy if Defendants were acting without authorization.

Also, if Defendants Foster, Bell, and Walters were acting pursuant to governing regulations the availability of post-deprivation remedies would be immaterial. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982). Defendants Foster, Bell, and Walters' actions would be within the scope of their duties, they would not have violated any clearly established constitutional right, and they would be immune from suit. *See Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). Whether Defendants acted negligently, intentionally and without authority, or pursuant to regulations, Plaintiff can make no claim for a violation of his due process rights in the deprivation of his property. As for Plaintiff's claim that his Eighth Amendment rights were violated due to the alleged destruction or conversion of his property, the claim is without merit. Therefore, Plaintiff's property claim as alleged against Defendants Foster, Bell, and Walters will be dismissed as legally frivolous.

As for the claims Plaintiff asserts against "ADX Office of Mailroom" in Claim Twelve, (Compl. at Attachs.), the claims also will be dismissed as legally frivolous.

3

Plaintiff was instructed by Magistrate Judge Boland in the August 28, 2006, Order that an office is not a person for the purpose of a ***Bivens*** action. Furthermore, the claims are repetitive of claims Plaintiff has asserted in Case No. 06-cv-00547-WYD-BNB, which is pending in this Court. Accordingly, it is

ORDERED that Defendants W. Montgomery, J. D. Walters, D. Foster, and C. F. Bell are dismissed as parties to this action and the claims asserted against them are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2))B)(i). It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants W. Montgomery, J. D. Walters, D. Foster, and C. F. Bell from the docket as parties to the action. It is

FURTHER ORDERED that Claim Twelve is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that the case and Claims Two, Three, Four, Five, Six, Seven, Eight, and Nine as alleged against remaining Defendants M. A. Sosa, L. Smith, R. Bauer, D. Jones, J. Castillo, and L. Rodgers shall be assigned to District Judge Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Boyd N. Boland.

DATED at Denver, Colorado, this _3_ day of _____Jan,_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00763-BNB

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
ADX – Florence
PO Box  8500
Florence, CO 81226

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _1/3/07_

GREGORY C. LANGHAM, CLERK

By:_____
     Deputy Clerk