IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00763-WYD-BNB

CHRISTOPHER MITCHELL a/k/a C. ELI-JAH HAKEEM MUHAMMAD,

Plaintiff,

v.

J. CASTILLO, individual capacity,
L. RODGERS, ADX - S.O.S., individual capacity,
L. SMITH, ADX-Special Investigative Supervisor in his official capacity, and in his individual capacity,
M.A. SOSA, ADX-Mailroom Supervisor, in his official capacity, and in his individual capacity,
R. BAUER, ADX-Health Services Administrator, in his official capacity, and in his individual capacity, and
D. JONES, ADX-Food Services Administrator, in his official capacity, and in his individual capacity,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion to Dismiss**, filed by defendants Castillo, Rodgers, Bauer, and Jones[1] [Doc. #45, filed 6/11/07] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant,

---

[1] It appears from the record that defendants Sosa and Smith have not been served. By separate order, I have directed the BOP to provide addresses for these defendants.

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined

> with the merits of the case. The jurisdictional question is
> intertwined with the merits of the case if subject matter jurisdiction
> is dependent on the same statute which provides the substantive
> claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary ("USP"). He filed his Third Amended Complaint on September 27, 2006 [Doc. #18] (the "Complaint"). The Complaint asserts twelve claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On January 3, 2007, the Court dismissed Claims One, Ten, Eleven, and Twelve [Doc. #24].

The Complaint contains the following allegations against defendants Castillo, Rodgers, Bauer, and Jones:

1. Claim Four alleges that defendant Bauer denied the plaintiff medical treatment for his visual defects resulting in "actual injury and further pervasive risk of harm." *Complaint*, p. 10.

2. Claim Five alleges that the plaintiff is allergic to dairy products, and defendants Bauer and Jones discontinued his soy milk. Id. at pp. 10-11.

3. Claim Six alleges that Bauer interfered with the plaintiff's "health care provider treatments for multiple medical needs." Id. at p. 12.

4. Claim Seven alleges that Bauer created and instituted a custom or policy "for not having adequate health care system sick call." The plaintiff has "suffered actual injury of being denied reasonable access to medical services due to medical staff shortages, and by budget cuts to prisoners' health services." Id. at pp. 12-13.

3

5. Claim Eight alleges that Bauer deliberately ignored, misdiagnosed, and failed to treat plaintiff's "documented history of chronic irregular bowel movements, constipation, and lack of proper medical diet . . . ." Id. at pp. 13-14.

6. Claim Nine alleges that defendant Castillo maliciously and sadistically used force against the plaintiff "in the execution of a policy or regulation, or within the discretionary function of the BOP . . . ." Id. at pp. 14-15. Claim Nine further alleges that defendant Rodgers failed to enforce a BOP regulation on the use of force and failed to take reasonable steps to avoid "unapproved and unnecessary use of force" while the plaintiff was in restraints. Id. at p. 15.

The plaintiff is suing the defendants in their individual and official capacities. Id. at p. 2. He seeks a declaration that the defendants' actions violated his constitutional rights. Id. at p. 23. He further seeks compensatory and punitive damages. Id. The defendants assert immunity defenses to all of the claims.

### III. ANALYSIS

#### A. Official Capacity Claims

The defendants assert that the claims against them in their official capacities must be dismissed based on sovereign immunity. It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign

4

immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

The defendants are asserting a facial challenge to the Complaint's allegations as to subject matter jurisdiction. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The defendants are officials of the BOP. Therefore, suits against them in their official capacities are suits against a federal agency. Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).

The plaintiff bears the burden of establishing waiver to sovereign immunity. Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotation and citation omitted). The plaintiff does not provide any valid authority to establish a waiver of the United States' sovereign immunity. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the claims against defendants Castillo, Rodgers, Bauer, and Jones in their official capacities.

### B. Individual Capacity Claims

#### 1. Public Health Service Employee Immunity

The defendants assert that defendant Bauer is a Public Health officer and is, therefore, immune to suit under 42 U.S.C. § 233(a). The defendants are asserting a factual challenge to the Complaint as to subject matter jurisdiction. Under Holt, 46 F.3d at 1003, I do not presume the

5

truthfulness of the Complaint's factual allegations. Instead, I have wide discretion to allow affidavits and other documents to resolve this jurisdictional challenge.

The defendants provide the affidavit of Benjamin Brieschke, Attorney Advisor at the Federal Correctional Complex in Florence, Colorado. *Motion*, Declaration of Benjamin Brieschke, ¶ 1. Mr. Brieschke attests that defendant Bauer is a commissioned officer with the Public Health Service. Id. at ¶ 3. Specifically, Bauer is the Health Services Administrator for the Federal Correctional Complex in Florence, Colorado. Id.

Under 42 U.S.C. § 233(a), an FTCA action against the United States is the sole remedy for injuries allegedly received at the hands of Public Health Service officers acting within the scope of their employment. Thus, Bauer is immune to personal liability from the plaintiff's Bivens claim. See also United States v. Smith, 499 U.S. 160, 177 n.3 (1991). I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of all claims against defendant Bauer in his individual capacity.

### 2. Qualified Immunity

The defendants assert that they are entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has

previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted).

When analyzing the issue of qualified immunity, the court must first determine whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, only then does the court inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999). Accordingly, I now look to the Complaint's allegations to determine if the plaintiffs have sufficiently alleged a violation of their constitutional rights.

The remaining claims challenged by the Motion are Claim Five as against defendant Jones and Claim Nine as against defendants Castillo and Rodgers.[2] Claim Five's allegations against Jones are, in their entirety, the following:

> Defendant Jones [sic] actual intent, direct participation, and causation of adverse action while under color of federal law, and both capacities with personal involvement, base [sic] his reasons to no longer provide plaintiff with a special diet that were [sic] consists of soy milk and medically necessary due to plaintiff's sensitive allergies to dairy products. Plaintiff suffered an actual injury of a [sic] 8th Amendment violations [sic] of deliberate indifference and equal protection for serving the ADX general population with regular cow's milk, and no milk substitution for those who cannot consume cow's milk or by-products.

*Complaint*, p. 11, ¶ 6.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth

---

[2]Again, I do not address the claims against defendants Sosa and Smith because they have not yet been served in this action.

Amendment prohibition of cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted).

A prisoner claiming an Eighth Amendment violation must establish both objectively and subjectively that particular conditions of confinement constitute cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 297-298 (1991). To satisfy the objective component, a plaintiff must allege a deprivation which objectively is "sufficiently serious" to form an Eighth Amendment violation. Id. at 298. To satisfy the subjective component, plaintiffs must demonstrate that the prison official was "deliberately indifferent" to a substantial risk of serious harm. Farmer, 511 U.S. at 834.

Alvarado provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Claim Five's allegations are an unintelligible and garbled collection of legal terms and conclusory statements. The only specific facts alleged in Claim Five are: (1) the plaintiff has "sensitive allergies" to dairy products; and (2) Jones is no longer providing plaintiff with soy milk. These facts do not plausibly support a claim against Jones for deliberate indifference under the Eighth Amendment. I respectfully RECOMMEND that the Motion be granted insofar as it seeks dismissal of Claim Five's allegations against defendant Jones.

Claim Nine alleges the following:

> Defendant Castillo actual intent [sic], direct participation, and causation of personal involvement while under color of federal law, and his individual capacity, use [sic] malicious and sadistic use-of-force and unprivileged contacts against plaintiff. Acts done with due care in the exercise and execution of a policy or regulation, or within the discretionary function of the BOP to a [sic] employee, deliberately inflict abuse on plaintiff watonly [sic], use force that violated the 8th amendment because it wasn't applied in a good faith effort to maintain or restore discipline but instead were [sic] used to maliciously and sadistically to [sic] cause harm out of folly.
>
> Defendant Rodgers actual intent, direct participation, and causal connection of personal involvement while under color of federal law, and in her individual capacity, failed to enforce BOP Program Statement 5566 05-28 C.F.R. 552.20, use of force and application of restraints policy, or take other reasonable steps to avoid unproved and unnecessary use-of-force while plaintiff in [sic] restraints. Defendant Rodgers had realistic opportunity to intervene but failed to do so to stop the unlawful misuse of force resulting in constitutional deprivations.

*Complaint*, pp. 17-18.

The Supreme Court has said that the use of excessive force against a prisoner can violate the Eighth Amendment, stating that "'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotation and citation omitted). As with Claim Five, Claim Nine largely consists of disjointed legal terms and conclusory allegations. There are no specific facts regarding what the defendants did to the plaintiff and how the defendants' actions harmed the plaintiff. Claim Nine's conclusory allegations fall short of the required specific factual allegations necessary to plausibly support a claim for excessive force in violation of the Eighth Amendment as against defendants Castillo and Rodgers. I respectfully RECOMMEND that the Motion be granted insofar as it seeks dismissal of Claim Nine.

Because Claims Five and Nine do not sufficiently allege violations of the plaintiff's Eighth Amendment rights, I do not reach the issue of qualified immunity on these claims.[3]

## C. Summary of Remaining Claims

If my recommendation is accepted, the only claims that remain are Claim Two as against defendant Sosa and Claim Three as against defendant Smith.

## IV. CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the Motion be GRANTED and that all claims against defendants Castillo, Rodgers, Bauer, and Jones be dismissed.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 14, 2008.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge

---

[3]In addition, because I have recommended dismissal of all claims against defendants Castillo, Rodgers, Bauer, and Jones, I do not reach their argument regarding the plaintiff's failure to allege physical injury as required by the Prisoner Litigation Reform Act.