UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00763-WYD-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

M.A. SOSA, ADX - Mailroom Supervisor,
L. SMITH, ADX - Special Investigative Supervisor,
R. BAUER, ADX - Health Services Administrator,
D. JONES, ADX - Food Services Administrator,
J. CASTILLO, ADX - Senior Officer Specialist, and
L. RODGERS, ADX - Senior Officer Specialist,

    Defendants.

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court in connection with Defendants' Motion to Dismiss filed June 11, 2007 (Doc. # 45). The Motion to Dismiss was filed by Defendants Castillo, Rodgers, Bauer and Jones. Defendants Smith and Sosa were not parties to this motion. The motion was referred to Magistrate Judge Boland by Order of Reference of April 18, 2007 and a Memorandum dated June 12, 2007. Magistrate Judge Boland issued a Recommendation on January 14, 2008, recommending that Defendants' Motion to Dismiss be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

On February 19, 2008, Plaintiff filed objections to the Recommendation. These objections necessitate a de novo determination as to those specified proposed findings or

recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

I first address the Recommendation in more detail. Magistrate Judge Boland noted that Plaintiff's Third Amended Complaint alleges jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Recommendation at 2. Plaintiff alleges that his rights under the First, Fifth, and Eighth Amendments have been violated. *Id.* at 2-3. Magistrate Judge Boland found that the Court lacks jurisdiction over the official capacity claims raised against the federal officers because there is no waiver of sovereign immunity. *Id* at 7. Accordingly, he found that Plaintiff's official capacity claims must be dismissed for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). *Id.* Magistrate Judge Boland further found that the federal officers are entitled to qualified immunity on the claims raised against them in their individual capacities, and that the claims should be dismissed on this basis pursuant to FED. R. CIV. P. 12(b)(6). *Id.* at 8-15. He thus concluded that the claims against Defendants Bauer, Jones, Castillo, and Rodgers must be dismissed.

Plaintiff first objects to the recommendation to dismiss pursuant to Rule 12(b)(1). He asserts that he has raised a set of facts that would entitle him to relief. As to the objection regarding the official capacity analysis, Plaintiff asserts that his Third Amended Complaint no longer sues the Defendants in their official capacity, and objects to any reference that he sued the Defendants in that capacity. I overrule these objections. As to the general objection regarding Rule 12(b)(1), this objection is nonspecific and fails to identify what facts Plaintiff is relying on. As to the objection regarding the official capacity

analysis, this argument is overruled. The Third Amended Complaint specifically states that Plaintiff is suing Defendants in their both official or individual capacities. Thus, it was proper for Magistrate Judge Boland to have addressed this issue. Further, I find that the Recommendation to dismiss the official capacity claims under Rule 12(b)(1) is proper, and note that Plaintiff did not object to the merits of that finding.

More substantively, Plaintiff objects to the finding that Defendants are entitled to qualified immunity. Plaintiff argues that he demonstrated personal involvement of the Defendants in the alleged constitutional deprivation, and also proved that Defendants acted unreasonably and in bad faith so as to deprive them of qualified immunity. He asserts that it is clearly established that he is entitled to medical care and to be free of excessive force.

I first address the allegations against Defendant Bauer. While Plaintiff argues that he has alleged facts against Bauer to support an Eighth Amendment violation, he fails to address the finding by Magistrate Judge Boland that Bauer, as a commissioned officer with the Public Health Service, is immune to liability under 42 U.S.C. § 233(a) from Plaintiff's claims arising under *Bivens*. Instead, under 42 U.S.C. § 233(a), an FTCA action against the United States is the sole remedy for injuries allegedly received at the hands of Public Health Service officers acting within the scope of their employment. I agree with Magistrate Judge Boland's findings on this issue, and agree that Defendant Bauer is properly dismissed on this basis.

I now turn to the allegations against Defendant Jones. Plaintiff asserts that his claim under the Eighth Amendment should survive dismissal because he alleges that

Jones was deliberately indifferent to Plaintiff's serious medical needs when he suspended the prescribed treatment regarding a medical diet and refused to provide a substitution for the diet due to budget costs. As Magistrate Judge Boland notes, this claim relates to the allegation in Claim Five that Jones stopped providing Plaintiff with his special diet that consists of soy milk and instead provided dairy products. Plaintiff alleges an Eighth Amendment violation because he has "sensitivities and food allergies to dairy products." Third Amended Compl. at 11. He further alleges that he "suffered an actual injury" in violation of his right to equal protection by "serving regular cow milk, and no milk substitution for those who cannot consume cow's milk or by products." *Id.*

Turning to my analysis, I overrule the objection. I find that Magistrate Judge Boland correctly found that these allegations are not sufficient to state an Eighth Amendment violation, and that qualified immunity is proper. To state a claim for deliberate indifference to medical needs under the Eighth Amendment, a plaintiff must allege that: (1) he suffered a deprivation that is sufficiently serious, *i.e.*, the deprivation of medical care poses a serious risk of harm (the objective component), and (2) that the government official acted with a "sufficiently culpable state of mind", *i.e.*, one of "deliberate indifference" to inmate health or safety (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With respect to the subjective element of this two-part test, "a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999) (citations and quotations omitted).

In the case at hand, I find that claim five does not allege that Plaintiff suffered a "substantial risk of harm" as a result of defendant Jones' failure to provide adequate medical care. Specifically, while Plaintiff alleges that he has allergies to dairy products, Plaintiff fails to allege how he has been injured or that he has actually been injured by not receiving soy milk. Indeed, he fails to articulate what the actual risk was that he faced by not receiving soy milk. Further, Plaintiff does not allege that he is actually required to drink or consume dairy products. Second, I find that Plaintiff failed to allege facts in claim five that Jones had the requisite "culpable state of mind" to satisfy the subjective prong of a deliberate indifference claim. Plaintiff does not allege that Jones was familiar with Plaintiff's allergy to dairy products, that Jones knew that Plaintiff faced a substantial risk of harm by not receiving soy milk, or that Jones knew this and disregarded that risk. Finally, I find that Plaintiff did not meet his burden of showing that there is a "clearly established" right to receive soy milk instead of dairy milk. *See Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (as a general rule, for the law to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law as the plaintiff maintains.").

I now turn to the remaining two Defendants, Castillo and Rodgers. Plaintiff alleges that these Defendants used excessive force against him and/or failed to intervene in connection with such force. The critical inquiry in an Eighth Amendment excessive force claim is whether the force was applied by prison officials in a good-faith effort to maintain or restore discipline, or was applied maliciously or sadistically to cause harm. *Hudson v.*

*McMillian*, 503 U.S. I, 7 (1992). In determining whether an Eighth Amendment violation has occurred, the court should consider "the relationship between [the need for application of force] and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Plaintiff argues as to Defendant Castillo that he alleged a non-conclusory battery claim and acted with a sufficient culpable state of mind, *i.e.*, a malicious or sadistic state of mind during the incident. As to Rodgers, Plaintiff asserts that she acquiesced in and took no action to stop Defendant Castillo's battery, failed to intervene, and took part in unnecessary and unapproved use of force where Plaintiff was in restraints and offered no physical resistance. Plaintiff asserts that Defendants Castillo and Rodgers violated the Eighth Amendment as their actions were without penological justification and created a risk of discomfort and humiliation.

I overrule the objection. I agree with Magistrate Judge Boland that Plaintiff has failed to allege any specific facts regarding what the Defendants did to the Plaintiff and how the Defendants' actions harmed the Plaintiff. Indeed, Plaintiff fails to allege any specific action or inaction on the part of the Defendants, or provide any context as to when or what allegedly happened. Accordingly, it is impossible to determine whether Plaintiff can show that the force was applied by prison officials in a good-faith effort to maintain or restore discipline, or was applied maliciously or sadistically to cause harm. In short, the allegations are conclusory and are not sufficient to state a viable excessive force claim. Further, Plaintiff does not allege he suffered more than a *de minimis* injury resulting from

the alleged actions by Defendants.  Indeed, he fails to allege any specific injury.  *See* 42 U.S.C. § 1997e(e) (under the Prisoner Litigation Reform Act, a prisoner must show a physical injury to bring a civil action); *Hudson*, 503 U.S. at 9-10 (physical injury must be more than a *de minimis* injury).

In short, I find that Magistrate Judge Boland's analysis in the Recommendation is well reasoned and sound.  I agree with the Recommendation and find that dismissal is appropriate as to Defendants Bauer, Jones, Castillo, and Rodgers.  Accordingly, I find that the Recommendation should be affirmed and adopted in its entirety.  Based upon the foregoing, it is

ORDERED that "Plaintiff's Objection to Magistrate's Report and Recommendation on Defendant's Motion to Dismiss" is **OVERRULED**.  It is

ORDERED that the Recommendation of United States Magistrate Judge filed January 14, 2008, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion to Dismiss filed June 11, 2007, is **GRANTED**.  Defendants Bauer, Jones, Castillo, and Rodgers are **DISMISSED** from this action.  The case remains pending against the other Defendants.

Dated: March 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge