IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00763-WYD-BNB

C. ELI-JAH HAKEEN MUHAMAD,
a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

L. SMITH, ADX-Special Investigative Supervisor in his official capacity, and in his individual capacity, and
M.A. SOSA, ADX-Mailroom Supervisor, in his official capacity, and in his individual capacity,

    Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Motion to Extend Time to Submit Declaration and Certified Trust Fund Account Statement** [Doc. #79] (the "Motion). The Motion is DENIED AS MOOT.

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary ("USP"). On June 12, 2006, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. *Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial partial Filing Fee* [Doc. # 7]. Although the plaintiff was granted leave to proceed without payment of the initial partial filing fee, he remains obligated to pay the entire $350.00 filing fee in this case. Id. Therefore, he is required to make monthly payments to the Court of twenty percent of his monthly income or show cause why he has no assets to make each monthly payment. Id. In order to show cause, the plaintiff must file a current certified copy of his trust fund account

statement.  Id.

These routine payment obligations have resulted in the filing of countless motions and other papers by the plaintiff. It has become unmanageable for me to determine whether the plaintiff has sufficient funds in his account to make his monthly payments.

Section 1915(b)(2) provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In an effort to efficiently accomplish the payment requirements of section 1915, the BOP shall cause the required payments to be submitted to the Court in accordance with section 1915(b)(2). The BOP is **not** required to file a monthly copy of the plaintiff's trust fund account statement.

IT IS ORDERED that, beginning on April 1, 2008, the defendant shall cause the plaintiff's filing fee payments to be submitted to the Court in accordance with section 1915(b)(2).    IT IS FURTHER ORDERED that the Motion is DENIED AS MOOT.

Dated March 25, 2008.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge