IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00763-WYD-BNB

C. ELI-JAH HAKEEN MUHAMAD,
a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

L. SMITH, ADX-Special Investigative Supervisor in his official capacity, and in his individual capacity, and
M.A. SOSA, ADX-Mailroom Supervisor, in his official capacity, and in his individual capacity,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

The plaintiff filed his Third Amended Complaint on September 27, 2006 [Doc. #18]. The Complaint asserts claims against the defendants in their individual and official capacities pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On January 12, 2007, the district judge ordered the United States Marshal to serve the defendants [Doc. #26]. The Bureau of Prisons ("BOP") did not provide a waiver of service on behalf of defendant Sosa. The BOP's attorney advisor informed the Court that Sosa has retired, and he provided the Court with the last known address for Sosa [Doc. #78]. The last known address for Sosa is a post office box. The Marshal cannot serve a defendant at a post office box address.

Consequently, I ordered the plaintiff to inform the Court of a street address where Sosa may be served with process or otherwise show cause in writing why the Third Amended

Complaint should not be dismissed as to defendant Sosa for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned the plaintiff that in the event that no street address was provided or other showing was made, I would recommend that the action be dismissed, without prejudice, against defendant Sosa for failure to prosecute.

In his response to my Order, the plaintiff argues that he does not have the means to locate Sosa's address; the United States Marshal is responsible for serving Sosa; the Office of the Clerk has improperly performed its duties; and the plaintiff has been diligent because he filed a motion for default against Sosa and because he filed a "petition for extraordinary writ of mandamus" in a separate case. The plaintiff does not specify the nature of the petition for writ of mandamus, nor does he explain its relevancy to this case.

The plaintiff is responsible for providing the Court with the current addresses of the parties he wishes to serve. Neither the United States Marshal nor the Clerk's Office is responsible for obtaining addresses for service. Until service is effected, entry of default is improper. The plaintiff has not provided a current street address for Sosa, nor has he shown good cause why the Third Amended Complaint should not be dismissed as to defendant Sosa. Accordingly,

I respectfully RECOMMEND that the Third Amended Complaint be DISMISSED WITHOUT PREJUDICE as to defendant Sosa for failure to prosecute.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 28, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge