IN THE UNITED STATES DISTRICT COURTS
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00763-WYD-BNB

CHRISTOPHER MITCHELL a/k/a C. ELI-JAH HAKEEM MUHAMMAD,

    Plaintiff,

v.

L. SMITH, ADX-Special Investigative Supervisor, and
M.A. SOSA, ADX-Mailroom Supervisor,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss**, filed by defendant Leslie Smith [Doc. #90, filed 3/24/08] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary ("USP"). He filed his Third Amended Complaint on September 27, 2006 [Doc. #18] (the "Complaint") pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau

2

of Narcotics, 403 U.S. 388 (1971). Claim Three is the only claim asserted against defendant Smith.[1]

The plaintiff is suing defendant Smith in his individual and official capacities. Id. at p. 2. He seeks a declaration that the defendant's actions violated his constitutional rights. Id. at p. 23. He also seeks compensatory damages, punitive damages, and attorneys' fees. Id. The defendant asserts immunity defenses to the claim.

### III. ANALYSIS

#### A. Official Capacity Claim

The defendant asserts that the claim against him in his official capacity must be dismissed based on sovereign immunity. It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted). Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994). Sovereign immunity is a jurisdictional bar to suit. Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

---

[1]On January 3, 2007, the Court dismissed Claims One, Ten, Eleven, and Twelve [Doc. #24]. On March 19, 2008, the district judge dismissed all claims against defendants Castillo, Rodgers, Bauer and Jones [Doc. #89]. On April 28, 2008, I recommended that the Third Amended Complaint be dismissed as against defendant Sosa for failure to prosecute [Doc. #99]. If the recommendation regarding Sosa is accepted, defendant Leslie Smith will be the only defendant remaining in this action.

The defendant is asserting a facial challenge to the Complaint's allegations as to subject matter jurisdiction. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Defendant Smith is an official of the BOP. *Complaint*, p. 2. Therefore, a suit against him in his official capacity is a suit against a federal agency. Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).

The plaintiff bears the burden of establishing waiver to sovereign immunity. Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotation and citation omitted). The plaintiff does not provide any valid authority to establish a waiver of the United States' sovereign immunity. I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the Claim Three as against defendant Smith in his official capacity.

## B. Individual Capacity Claim

The defendant asserts that he is entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear

4

that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I must first determine whether the plaintiff has sufficiently alleged violation of a statutory or constitutional right. If the plaintiff has asserted such a violation, then I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).

Claim Three states in its entirety:[2]

> Defendant Smith actual intent, direct participation, and causation of adverse actions while under color of federal law and both capacities with personal involvement of a instituted and created custom or policy of mail monitoring surveillance in which the defendants violated due process and equal protection clause, of a liberty interest in receiving notice that his incoming mail being withheld to be read, copied, and put on file, has no security justification for the mail monitoring surveillance to delay delivering the censored incoming-outgoing correspondence, causing an chilling effect that impinges on his 1st and 5th amendment rights.

*Complaint*, p. 6.[3]

Alvarado provides that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." 493 F.3d at 1215 n.2. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal

---

[2]Claim Three is presented exactly as the plaintiff submitted it. I do not correct or acknowledge any mistakes.

[3]The plaintiff has inserted pages that are not numbered into the Court's Complaint form. Therefore, in order to avoid confusion, I cite only to the pages as they are numbered in the Court's CM-ECF system.

5

right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

The allegations of Claim Three are an incomprehensible and garbled collection of legal terms and conclusory statements. The plaintiff does not allege any specific facts which plausibly support a claim against Smith for violation of his First or Fifth Amendment rights.[4] I respectfully RECOMMEND that the Motion be granted and that Claim Three be dismissed.

## IV. CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the claim against defendant Smith be dismissed.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[4]Because the plaintiff has failed to sufficiently allege a violation of his constitutional rights, I need not determine whether his rights were clearly established for purposes of qualified immunity, and I do not address the defendant's statute of limitations defense.

6

Dated May 29, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge