IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00763-WYD-BNB

C. ELI-JAH HAKEEN MUHAMED,
a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,
v.

L. SMITH, ADX-Special Investigative Supervisor in his official capacity, and in his individual capacity, and
M.A. SOSA, ADX-Mailroom Supervisor, in her official capacity and in her individual capacity,

    Defendant.
_____

**ORDER REJECTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

I. INTRODUCTION

    This matter is before the Court on review of a Recommendation of United States Magistrate Judge Boland filed on April 28, 2008. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Boland recommends therein that Plaintiff's "Third Amended Complaint be dismissed without prejudice for failure to prosecute." *See* Recommendation at 2. On May 7, 2008, Plaintiff filed a timely Objection, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

II. BACKGROUND

On September 27, 2006 Plaintiff filed his Third Amended Complaint. The Complaint asserts twelve claims against the Defendants in their individual and official capacities pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). On January 12, 2007, the United States Marshal Service was ordered to serve Defendants. [Doc. #26]. The Bureau of Prisons ("BOP") provided waivers for Defendants Castillo, Rodgers, Bauer, and Jones but failed to deliver waivers or street addresses for Defendants Sosa and Smith. [Doc. #75].

Magistrate Judge Boland then ordered the BOP to provide the Court with current addresses for Defendants Sosa and Smith. *Id.* In response to this Order, the BOP provided the Court with a post office box address for Ms. Sosa. The United States Marshal Service cannot serve a post office box. Therefore, Magistrate Judge Boland ordered Plaintiff to provide the Court with Ms. Sosa's street address or otherwise show cause why his complaint should not be dismissed as to Defendant Sosa. Plaintiff filed a timely response to the Order to Show Cause on April 11, 2008. [Doc. # 96]. Plaintiff argues that the United States Marshal Service failed to follow the proper procedures in serving Ms. Sosa. *Id.,* ¶ 21. He also asserts that the Clerk of Court failed to follow proper procedure pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure. *Id.,* ¶ 19.

As stated earlier, Magistrate Judge Boland recommends that Plaintiff's Third Amended Complaint be Dismissed without Prejudice as to Defendant Sosa. Recommendation at 2. Magistrate Judge Boland found that the Plaintiff has the burden of providing the Court with the Defendant's address. *Id.* He also found that Plaintiff failed to provide the current address for Ms. Sosa and failed to show good cause why his Third

Amended Complaint should not be dismissed as to Defendant Sosa. *Id.* Therefore, Magistrate Judge Boland recommends that this case be dismissed without prejudice as to Defendant Sosa. I now turn to an analysis of Plaintiff's Objections and the Recommendation.

III. ANALYSIS

On May 7, 2008, Plaintiff filed a timely Objection. Plaintiff's Objection asserts that Defendant's Response to the Court's Order [Doc. #78] should be sufficient to constitute a waiver of service as to Defendant Sosa. *See* Objection to Magistrate's Report and Recommendation on Dismissal for Failure to Prosecute, ¶ 12. In Defendant's Response to the Court's Order Mr. Benjamin Brieschke, attorney for the BOP, stated that Ms. Sosa indicated via e-mail that she was willing to waive service and that she had requested that Mr. Brieschke provide her with the necessary forms. [Doc. # 78]. Mr. Brieschke indicated that he had mailed Ms. Sosa the waiver of service form. However, Ms. Sosa never returned the waiver. I overrule Plaintiff's Objection. There is nothing to suggest that Mr. Brieschke is the attorney of record for Ms. Sosa, therefore, Mr. Brieschke cannot act as an authorized agent for the purposes of effectuating service. FED. R. CIV. P.4(e)(2). Although Ms. Sosa indicated to Mr. Brieschke that she was willing to waive service, until she actually returns a signed Waiver of Service the Court cannot assume that Ms. Sosa is willing to waive service of process.

Further, Plaintiff incorrectly asserts in his Objection that the United States Marshal Service or the Clerk's office was responsible for the failure to properly serve Ms. Sosa. *Id.*, ¶ 19 & 21. Plaintiff's argument is without merit. The Federal Rules of Civil Procedure provide for the proper service of process on a defendant. FED. R. CIV. P. 4. A defendant

may be served by delivering a copy of the summons and complaint to the defendant personally, to the defendant's dwelling or usual place of abode with a person of suitable age and discretion who resides there, or by delivering a copy of the summons and complaint to an authorized agent appointed to receive service of process. FED. R. CIV. P. 4(e)(2). The United States Marshal Service was not provided with the necessary information in order to provide service to Ms. Sosa in any permissible manner.

Plaintiff relies on *Byrd v. Stone*, 94 F.3d 217 (1996), to establish that good cause can be shown when the United States Marshal Service fails to properly effectuate service on a defendant. In *Byrd,* the Sixth Circuit Court of Appeals held that there was automatic good cause shown when the United States Marshal Service failed to properly serve process. *Id.* at 220. However, *Byrd* is distinguishable because the plaintiff in *Byrd* provided the court with the name and address of the defendant. *Id*. In this case, the Marshal Service did not fail to properly serve process. It simply was not provided with the necessary information to serve Defendant Sosa.

Plaintiff also suggests that his Motion of Entry of Default as to Defendants should be sufficient to avoid dismissal of his Third Amended Complaint. Magistrate Judge Boland denied that motion. [Doc #60]. That ruling was appropriate as service has not been effected on Ms. Sosa; therefore, an entry of default is improper.

While I find no merit to the specific arguments in Plaintiff's Objection, I reject the Recommendation on a different basis. Specifically, the BOP indicated it was able to and had contacted Ms. Sosa via e-mail. It is unclear if the BOP attempted to obtain Ms. Sosa's street address when it was in contact with her. If not, it seems probable that the BOP can re-contact Ms. Sosa to verify her street address. While I agree with Magistrate Judge

Boland that it is ultimately the responsibility of the plaintiff to provide service to a defendant, the BOP has indicated that it may have the means to obtain the street address of Ms. Sosa, a former employee of the BOP. Further, the BOP was previously ordered to provide an address for Ms. Sosa but did not ask for or provide a street address. Fundamental fairness dictates that the case should not yet be dismissed until further efforts have been made to obtain this address. I believe cases are better decided on the merits if possible and not on technicalities. However, should the BOP not be able to obtain a street address for Ms. Sosa, or should service not be able to be effected on Ms. Sosa at an address the BOP obtains, dismissal without prejudice may be appropriate at that time.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of Magistrate Judge Boland dated April 28, 2008 is **REJECTED**. It is

FURTHER ORDERED that the BOP shall contact Ms. Sosa to determine if a current street address is available for her. The BOP shall file a notice as to its efforts to contact Ms. Sosa and the result of its efforts on or before **Wednesday, July 16, 2008**.

Dated: June 24, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge