IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00763-WYD-BNB

C. ELI-JAH HAKEEN MUHAMED,
a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,
v.

L. SMITH, ADX-Special Investigative Supervisor in his official capacity, and in his individual capacity, and
M.A. SOSA, ADX-Mailroom Supervisor, in her official capacity and in her individual capacity,

    Defendant.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on review of a Recommendation of United States Magistrate Judge Boland filed on May 29, 2008. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Boland recommends therein that Defendant's Motion to Dismiss, filed by Defendant Leslie Smith, be granted. On July 8, 2008, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Plaintiff also filed a Declaration Under Penalty of Perjury.

I now turn to the merits of the Recommendation. Magistrate Judge Boland found that Plaintiff is suing Smith in his individual and official capacities pursuant to *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Recommendation at 2-3. Plaintiff seeks a declaration that the defendants' actions violated his constitutional rights. *Id.* at 3. Magistrate Judge Boland found that the official capacity claim asserted against Smith in his official capacity was barred based on sovereign immunity, and noted that Plaintiff did not provide any valid authority to establish a waiver of such immunity. *Id.* at 4. As to the individual capacity claim, Magistrate Judge Boland found that Plaintiff did not allege any specific facts which plausibly support a claim against Smith for violation of his First or Fifth Amendment rights. *Id.* Accordingly, he recommended that the motion to dismiss be granted, that Claim Three asserted against Smith be dismissed in its entirety, and that Smith be dismissed from the case. *Id.* at 6-7.

Plaintiff objects to the Recommendation, asserting that the individual capacity claim in Claim Three is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted. He states that his third claim sets forth a valid due process claim that Smith was involved in a custom or policy of withholding his mail without notice to him. He cites, among other cases, *Procunier v. Martinez*, 416 U.S. 396 (1974). *Procunier* holds that a prisoner has a liberty interest in uncensored communications and that a decision to censor or withhold mail must be accompanied by minimum procedural safeguards, including notice to the inmate. *Id.* at 418. While Plaintiff's allegation in this claim was less than clear, it appears that Plaintiff may have stated a valid constitutional claim based on *Procunier*. The question then becomes, however, whether he alleged sufficient facts to demonstrate Smith's personal participation in the alleged offense. I find that he has not, and that dismissal of this defendant from the case is thus appropriate.

In so finding, I note that Magistrate Judge Boland issued an "Order to File Third Amended Complaint" in August 2006 that addressed the sufficiency of Plaintiff's allegations in the Second Amended Complaint. He found that Plaintiff's Second Amended Complaint failed to name appropriate defendants and to state an actual injury. Order of August 28, 2006, at 2. He gave Plaintiff thirty days to file a Third Amended Complaint and advised Plaintiff that he "must name as parties to the action individuals in each of the offices who he alleges are responsible for violating his constitutional rights *and demonstrate how each of them personally participated in the asserted violations.*" *Id*. (emphasis added). He also advised that there needed to be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise." *Id*. Plaintiff was thus advised through this Order that he needed not only to allege the constitutional deprivation at issue but also allege how each defendant personally participated in the deprivation.

Plaintiff's Third Amended Complaint alleges that "Defendant Smith actual intent, direct participation, and causation of adverse actions while under color of federal law and both capacities with personal involvement of a instituted and created custom or policy of mail monitoring surveillance in which the defendants violated due process and equal protection clause . . . ." Third Am. Compl., p. 6. It is impossible to determine what this means. It may mean that Smith was involved only in connection with creating a policy or custom of mail monitoring surveillance. If so, Plaintiff does not explain what this custom or policy is or how it violated Plaintiff's constitutional rights. The allegations may also mean that Smith personally participated in actually withholding the mail or that he supervised this activity—again, this is impossible to determine from the complaint. I agree with Magistrate

Judge Boland that Plaintiff's Third Claim is "an incomprehensible and garbled collection of legal terms and conclusory statements" and that the facts are insufficient to plausibly support a claim against Smith for constitutional violation. *See* Recommendation at 4.

Based on the foregoing, I find that Plaintiff has not adequately alleged personal participation or shown an affirmative link between Defendant Smith's actions and the alleged violation of his constitutional rights. Accordingly, I find that dismissal is appropriate as to this Defendant, particularly given Plaintiff's previous advisement of his pleading obligations. *See Nasious v. Two Unknown B.I.C.E.* Agents, 492 F.3d 1158, 1162-63 (10th Cir. 2007) (notice to the plaintiff that he needed to present a complaint that complies with the pleading requirements of the federal rules is relevant to whether dismissal of the claim is appropriate). The Recommendation to dismiss the individual capacity claim is thus affirmed.

Finally, I note that Plaintiff did not object to or state any reason why Magistrate Judge Boland's recommendation to dismiss the official capacity claim should not be affirmed. Accordingly, I also affirm that portion of the Recommendation, finding it is well reasoned and based on clear authority.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (filed May 29, 2008) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Smith's Motion to Dismiss (filed March 24, 2008, Doc. # 90) is **GRANTED**. Defendant L. Smith and the claim asserted as to him (Claim Three of the Third Amended Complaint) are **DISMISSED** from the case.

Dated: July 18, 2008

                    BY THE COURT:

                    <u>s/ Wiley Y. Daniel</u>
                    Wiley Y. Daniel
                    U. S. District Judge