IN THE UNITED STATES DISTRICT COURTS
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00763-CMA-BNB

CHRISTOPHER MITCHELL a/k/a C. ELI-JAH HAKEEM MUHAMMAD,

    Plaintiff,

v.

M.A. SOSA, ADX-Mailroom Supervisor,

    Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant's Motion to Dismiss**, filed by defendant M.A. Sosa [Doc. #117, filed 10/14/2008] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED.

**I.  STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary ("USP"). He filed his Third Amended Complaint on September 27, 2006 [Doc. #18] (the "Complaint") pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau

of Narcotics, 403 U.S. 388 (1971).  Claim Two is the only claim asserted against defendant Sosa.[1]

The plaintiff is suing defendant Sosa in her individual and official capacities.  Id. at p. 2.  The plaintiff seeks a declaration that the defendant's actions violated his constitutional rights.  Id. at p. 23.  He also seeks compensatory damages, punitive damages, and attorneys' fees.  Id.

### III.  ANALYSIS

#### A.  Official Capacity Claim

Defendant Sosa asserts that the claim against her in her official capacity must be dismissed based on sovereign immunity.  *Motion*, p. 5.  It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'"  Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  "Sovereign immunity protects the United States against judgments that would require an expenditure from public funds, that interfere with public administration or that would restrain the Government from acting, or to compel it to act." (quotations and citations omitted).  Hensel v. Office of the Chief Administrative Hearing Officer, 38 F.3d 505, 509 (10th Cir. 1994).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

---

[1]On January 3, 2007, the court dismissed Claims One, Ten, Eleven, and Twelve [Doc. #24].  On March 19, 2008, the district judge dismissed all claims against defendants Castillo, Rodgers, Bauer and Jones [Doc. #89].  On July 18, 2008, the district judge dismissed the claim against defendant Leslie Smith [Doc. #112].  Defendant Sosa is the only remaining defendant.

The defendant is asserting a facial challenge to the Complaint's allegations as to subject matter jurisdiction. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Defendant Sosa was an official of the BOP at all pertinent times. *Complaint*, p. 3. Therefore, a suit against her in her official capacity is a suit against a federal agency. Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).

The plaintiff bears the burden of establishing waiver to sovereign immunity. Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotation and citation omitted). The plaintiff does not provide any valid authority to establish a waiver of the United States' sovereign immunity. Claim Two should be dismissed insofar as it asserts an official capacity claim against defendant Sosa.

### B.  Statute of Limitations

The defendant argues that Claim Two is barred by the statute of limitations. *Motion*, p. 6. The defendant relies on factual assertions not found in the Complaint to support the argument. I have previously admonished counsel for the defendant that factual arguments are not appropriate in a motion to dismiss. Even if factual assertions were appropriate for the defendant's Rule 12(b)(6) argument, the defendant's factual assertions are unsupported. The Motion is frivolous at this stage because it relies on (unsupported) factual assertions from outside the four corners of the Complaint in support of a defense based on the statute of limitations.

## B. Individual Capacity Claim

Defendant Sosa asserts that she is entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[2]

Claim Two states in its entirety:[3]

> Defendant Sosa actual intent, direct participation, and causation of adverse actions while under color of federal law in both capacities with personal involvement of a created and instituted custom or policy of intentional delays in delivering incoming and outgoing correspondence, because the delays and withholding general correspondence without notice, is not reasonably related to any legitimate interests, and violated 1 or more of the 4 Turner standards and violates the 1st Amendment.

---

[2] The order in which I may consider these factors is discretionary. Pearson v. Callahan, __ U.S. __, __, 129 S. Ct. 808, 818 (2009); Manzanares v. Higdon, 2009 WL 2430643 *3 n.6 (10th Cir. Aug. 10, 2009).

[3] Claim Two is presented exactly as the plaintiff submitted it, without any attempt to identify or correct errors.

*Complaint*, p. 8.[4]

In <u>Alvarado</u>, 493 F.3d at 1215 n.2., the Tenth Circuit Court of Appeals stated that "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." <u>Nasious v. Two Unknown B.I.C.E. Agents</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).

The allegations of Claim Two are an incomprehensible collection of legal terms and conclusory statements. The plaintiff has not alleged any specific facts which plausibly support a claim against Sosa for violation of his First Amendment rights.[5] Claim Two should be dismissed.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that the claim against defendant Sosa be dismissed.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by

---

[4]The Complaint is not consecutively paginated. Therefore, I cite only to the pages as they are numbered in the Court's CM-ECF system.

[5]Because the plaintiff has failed to sufficiently allege a violation of his constitutional rights, I do not consider whether his rights were clearly established for purposes of qualified immunity.

the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 14, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge