**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 06-cv-00763-CMA-BNB

CHRISTOPHER MITCHELL,
    a/k/a C. Eli-jah Hakeem Muhammad,

    Plaintiff,

v.

M.A. SOSA, ADX-Mailroom Supervisor, in his official capacity, and in his individual capacity,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING AUGUST 14, 2009 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the August 14, 2009 recommendation by the Magistrate Judge that Defendant's Motion to Dismiss (Doc. # 125) be granted and the case dismissed. Plaintiff has objected to this recommendation. In light of the objections, the Court has conducted the requisite de novo review of the issues, the recommendation, and Plaintiff's objections. Jurisdiction is proper under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners).

For the reasons stated below, the Court ADOPTS and AFFIRMS the Magistrate Judge's recommendation.

## I.  BACKGROUND

Given the procedural posture, the Court assumes the truth of Plaintiff's allegations and construes them in the light most favorable to Plaintiff.

Plaintiff is an inmate with the Federal Bureau of Prisons ("BOP") at the United States Penitentiary.  He filed his Third Amended Complaint on September 27, 2006 under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) alleging that several prison officials violated his rights under the United States Constitution.  (Doc. # 18.)  All claims have been dismissed except Claim Two against Defendant Mary Sosa ("Defendant").  (*See* Doc. ## 24, 89, 112.)  Defendant was a Mail Room Supervisor at BOP at all pertinent times.

Plaintiff alleges that Defendant violated his constitutional rights by interfering with his outgoing and incoming mail.  He details the supporting facts as follows:

> Defendant Sosa actual intent, direct participation, and causation of adverse actions while under color of federal law in both capacities with personal involvement of a created and instituted custom or policy of intentional delays in delivering incoming and outgoing correspondence, because the delays and withholding general correspondence without notice, is not reasonably related to any legitimate interests, and violated 1 or more of the 4 Turner standards and violates the 1st Amendment.

(Doc # 18 at 8.)

On October 14, 2008, Defendant filed her Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state claim.  It is this motion which is the subject of the Magistrate Judge's recommendation.  (Doc. ## 117, 125.)

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed.R.Civ.P. 72(b)(3).  An objection is properly made if filed within 10 days of the Magistrate Judge's recommendation and specific enough to enable "the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute."  *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

Defendant brings her Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state claim.  Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: a facial attack on the complaint or a challenge to the facts upon which subject matter jurisdiction depends.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  Here, Defendant makes a facial attack on the complaint.  "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."  *Id.*

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "'accept[s] all the well-pleaded allegations of the complaint as true'" and "'construe[s] them in the light most favorable to the plaintiff.'"  *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d

1344, 1352 (10th Cir. 1996)).  Until recently, a dismissal was only warranted where "it appear[ed] beyond a doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "However, the Supreme Court decided that 'this observation has earned its retirement,' and it has prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 563 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (citation and quotation marks omitted).

In evaluating the plausibility of a given claim, the Court "need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

In addition, Plaintiff is proceeding pro se and is thus entitled to liberal construction of his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In other words, if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail,

it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.  *Hall*, 935 F.2d at 1110.  However, the requirement that the Court read the Plaintiff's pleadings broadly does not relieve the Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.  *Id.*

### III.  ANALYSIS

**A.     Rule 12(b)(1)**

Plaintiff sues Defendant in both her individual and official capacity.  Insofar as his claim alleges an official capacity claim, the Magistrate Judge recommended dismissal under the doctrine of sovereign immunity.  Plaintiff does not object to this portion of the analysis and the Court, finding the Magistrate Judge's analysis sound, adopts it. [1]

**B.     Rule 12(b)(6)**

Defendant also asserts a qualified immunity defense under Fed.R.Civ.P. 12(b)(6), alleging Plaintiff's claim fails to state a claim upon which relief can be granted. Insofar as Claim Two alleges an individual capacity suit, the Magistrate Judge recommended dismissal on qualified immunity grounds.  Plaintiff objects to this portion of the analysis and the Court thus conducted a *de novo* review of that portion.

"When qualified immunity is asserted as a defense, the plaintiff must show that (1) the defendants' actions violated a constitutional or statutory right; and (2) the right

---

[1]  As will be shown in Section B, even if the Court were to reject the Magistrate Judge's recommendation regarding sovereign immunity, the Court would still dismiss the claim under Rule 12(b)(6).

was clearly established and reasonable persons in the defendants' position would have known their conduct violated that right." *Garrett v. Stratman*, 254 F.3d 946, 951 (10th Cir. 2001) (internal citation and quotation marks omitted).

was clearly established and reasonable persons in the defendants' position would have known their conduct violated that right." *Garrett v. Stratman*, 254 F.3d 946, 951 (10th Cir. 2001) (internal citation and quotation marks omitted).

The Magistrate Judge found that Plaintiff had not sufficiently alleged a violation of a statutory or constitutional right under the first prong of the qualified immunity test. Thus, he did not address the second prong. The Court agrees with the Magistrate Judge.

Plaintiff's claim – short on verbs and long on conclusory statements – fails to allege a plausible entitlement to relief. In its entirety it states that:

> Defendant Sosa's actual intent, direct participation, and causation of adverse actions while under color of federal law in both capacities with personal involvement of a created and instituted custom or policy of intentional delays in delivering incoming and outgoing correspondence, because the delays and withholding general correspondence without notice, is not reasonably related to any legitimate interests, and violated 1 or more of the 4 Turner standards and violates the 1st Amendment.

There are many lessons to take from Plaintiff's wording, but the Court begins by simply agreeing with Defendant's assessment that "[t]here is no statement of what defendant Sosa did that violated the Constitution." (Doc. # 117 at 8.) Defendant is being generous, in spite of the adversarial nature of our justice system. The Court, however, in applying the standard of review to the actual words describing the claim, cannot be so generous.

6

Although mindful of its duty to liberally construe Plaintiff's allegations, the Court cannot escape the conclusion that the collection of words recited above is gibberish.[2] The Court, aided by the claim's title – "unconstitutional interference with outgoing-incoming mail" – construes, at a minimum, the subject of his claim: interference with his mail.  (Doc. # 18 at 8.)

For purposes of qualified immunity, the Tenth Circuit "has held that it is clearly established law that '[a] refusal to process any mail from a prisoner impermissibly interferes with the [sender's] First Amendment and Fourteenth Amendment rights.'" *Brown v. Saline County Jail*, 303 Fed.Appx. 678, 682 (10th Cir. 2008) (quoting *Treff v. Georgia*, 74 F.3d 191, 195 (10th Cir. 1996)).

This point of law – assuming it adequately covers the allegations – goes only to the second prong of the qualified immunity analysis, whether the at-issue right was clearly established so that a reasonable defendant would have known her conduct violated that right.  *Garrett*, 254 F.3d at 951.  For Plaintiff's claim to survive this motion to dismiss, however, he must also satisfy the first prong of the analysis: whether Defendant's actions violated a constitutional or statutory right.  *Id.*

Plaintiff's claim provides no dates, no concrete actions, and if not for the first two words, "Defendant Sosa", the Court would be lost to determine even the subject of his

---

[2] Gibberish defined as "unintelligible or meaningless language." *Webster's New Collegiate Dictionary* 480 (1981).

seventy-two word sentence.[3]  Instead of well-pleaded facts, Plaintiff asserts phrases like "intentional delays," and "violated 1 or more of the 4 Turner standards."  These are not facts.  They are conclusory statements, which the Court disregards.  *Twombly*, 550 U.S. at 555 ("on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."); *see also Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003) (plaintiff's allegation of "heinous conditions" insufficient to state Eighth Amendment claim).

It is possible Plaintiff's claim would survive if the Court were operating under *Conley v. Gibson's* "no set of facts" pleading standard, under which  "a complaint [would] not be dismissed for failure to state a claim unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim . . ."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008) (quoting *Conley,* 355 U.S. at 45-46 (1957)).  Under that standard, "a complaint containing only conclusory allegations could withstand a motion to dismiss if there was a possibility that a fact not stated in the complaint could render the complaint sufficient."  *VanZandt v. Oklahoma Department of Human Services*, 276 Fed.Appx. 843, 846 (10th Cir. 2008) (citing *Robbins*, 519 F.3d at 1246)).

As mentioned, however, the pleading standards have changed.  Plaintiff's complaint will not survive unless he states a plausible entitlement to relief.  Plaintiff's

---

[3]  The Court uses the word "sentence" loosely.  See *Webster's New Collegiate Dictionary* 1048 (1981) (defining sentence as "a grammatically self-contained speech unit consisting of a word or a syntactically related group of words that expresses an assertion . . .").

claim – a loose collection of disjointed words – does not plausibly allege that Defendant violated Plaintiff's constitutional rights.  Thus, it must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff's objections (Doc. # 129) are OVERRULED;

2. That the Recommendation of the United States Magistrate Judge (Doc. # 125) is APPROVED AND ADOPTED as an Order of this Court;

3. That Defendants' Motion to Dismiss (Doc. # 117) is GRANTED and this case is DISMISSED in its entirety.

DATED:  September   29  , 2009

                              BY THE COURT:

                              _____
                              CHRISTINE M. ARGUELLO
                              United States District Judge